IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWINA ROLLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-05-1250-C |
| ) | |
| OKLAHOMA HISTORICAL ) | |
| SOCIETY; BOB L. BLACKBURN, ) | |
| in his individual and official capacity ) | |
| as Executive Director of the Oklahoma ) | |
| Historical Society; REBECCA BRAVE, ) | |
| in her individual and official capacity ) | |
| as Director of Pioneer Woman Museum; ) | |
| and OKLAHOMA STATE EMPLOYEES ) | |
| BENEFITS COUNCIL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Judgment on the Pleadings filed by Defendants Oklahoma Historical Society and Bob L. Blackburn and Rebecca Brave in their official capacities. Plaintiff filed a response and the matter is now at issue.

Plaintiff filed the present action alleging violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* (FMLA); Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* (ADA); violation of the Oklahoma Anti-Discrimination Act, 25 Okla. Stat. § 1901 (OADA); state law-based tort claims for defamation and intentional infliction of emotional distress; violation of the Consolidated Omnibus Budget Reconciliation Act, 29

U.S.C. §§ 1161, *et seq.* (COBRA); and a 42 U.S.C. § 1983 claim alleging failure to provide equal protection and due process.

Defendants filed the present motion pursuant to Fed. R. Civ. P. 12(b)(1) & (6), and (c), arguing that certain of Plaintiff's claims are barred as a matter of law. According to Defendants, Plaintiff's FMLA and ADA claims are barred by Eleventh Amendment Immunity. Defendants also argue that to the extent the § 1983 claim is brought against Defendants Brave and Blackburn in their official capacities, that claim is likewise barred by the Eleventh Amendment. Defendants assert that to the extent Plaintiff's Complaint suggests she pursues a claim under the Health Insurance Portability Act of 1996 (HIPAA), such a claim is barred as there is no private right of action under that Act. Finally, Defendants assert that because Plaintiff is employed by a governmental entity, her health plan is not governed by ERISA and therefore her claim for failure to provide a COBRA notice must be dismissed.

Following service of Defendants' motion, Plaintiff filed, with leave of Court, an Amended Complaint clarifying the bases for certain of her claims. Plaintiff then filed a response to Defendants' motion. In her response, Plaintiff notes that the Amended Complaint clarifies that the claim based on her disability arises under the Rehabilitation Act, 29 U.S.C. §§ 794, *et seq.*, rather than the ADA. Plaintiff argues that 42 U.S.C. § 2000d-7(a)(1) makes clear that the Eleventh Amendment provides no immunity for this claim. Plaintiff notes that the Amended Complaint clarifies that her "COBRA" violation is brought pursuant to the Public Health Services Act, 42 U.S.C. §§ 300bb-7, *et seq.* (PHSA). Plaintiff further asserts that she is not pursuing a HIPAA claim and that her § 1983 claim is brought

only against Defendants Brave and Blackburn in their individual capacities.  The Court now turns to the merits of Defendants' motion.

A.  Rehabilitation Act/ADA claim

As Plaintiff notes, 42 U.S.C. § 2000d-7 provides an explicit waiver of Eleventh Amendment immunity.  The only exception is if the State had not accepted the financial assistance as specified in that statute.  See Brockman v. Wyoming Dep't of Family Servs., 342 F.3d 1159, 1167-68 (10th Cir. 2003).  To the extent Defendants believe the waiver does not apply, they may renew their motion.

B.  FMLA Claim

Defendants argue that because Plaintiff's FMLA claim seeks protection for time off to provide self-care, it cannot be brought in this forum as it is barred by the Eleventh Amendment.  It is clear from the text of the Amended Complaint that Plaintiff seeks to invoke the protection of the FMLA based on her need to care for her own serious health condition.  Indeed, Plaintiff concedes in her response that the self-care provisions of the FMLA are at issue in this case.  Thus, Plaintiff's claim is foreclosed by the Tenth Circuit's decision in Brockman.  In that case the Tenth Circuit held "that through subsection (D) [the section addressing self-care], Congress did not effect a valid abrogation of state sovereign immunity."  Brockman, 342 F.3d at 1165.  Plaintiff's argument for a contrary result is disingenuous.  First, despite what other courts in other circuits may have done, Brockman remains binding precedent in this Circuit.  Further, in reaching its decision, the Tenth Circuit considered the reasoning of the Supreme Court in Nevada Dep't of Human Res. v. Hibbs,

538 U.S. 721 (2003), and determined that rationale did not warrant a different outcome. Thus, to argue that <u>Hibbs</u> requires a result different from that reached in <u>Brockman</u> ignores the clear language of the case. Plaintiff argues that even if the Court follows <u>Brockman</u> and dismisses her FMLA claim under the teachings of that case, she may continue to pursue her FMLA claim against Defendants to obtain equitable relief and against Brave and Blackburn in their individual capacities. Defendants have offered no challenge to this argument so it will not be decided one way or the other.

Accordingly, Plaintiff's FMLA claims for money damages against Defendants Oklahoma Historical Society and Blackburn and Brave in their official capacities are barred by the Eleventh Amendment and will be dismissed.

<u>C.  Section 1983 Claim</u>

Defendants argue it is unclear whether Plaintiff's § 1983 claim is brought against Brave and Blackburn in their official or individual capacities. According to Defendants, to the extent this claim is pursued in an official capacity, it is barred by the Eleventh Amendment. Plaintiff clarifies that her § 1983 claim is brought only against Brave and Blackburn in their individual capacities. Accordingly, Defendants' motion is moot on this point.

D.  COBRA Claim

Plaintiff clarifies that her claim is brought pursuant to the PHSA and seeks only equitable relief.  Defendants' motion makes clear this statute provides an avenue for Plaintiff to raise her claim and that equitable relief is available.  Accordingly, Defendants' motion will be denied as moot on this issue.

## **CONCLUSION**

As set forth more fully herein, Plaintiff's FMLA claims for monetary damages against Defendants Oklahoma Historical Society and Blackburn and Brave in their official capacities are barred by the Eleventh Amendment.  In that regard, Defendants' Motion for Judgment on the Pleadings (Dkt. No. 17) is GRANTED.  In all other respects, the motion is DENIED.

IT IS SO ORDERED this 1st day of May, 2006.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge